1  **LANDVER LAW CORPORATION, APC**
     Alina Landver (SBN 231077)
2  8200 Wilshire Boulevard, PH Suite 400
   Beverly Hills, California 90211
3  Tel: (310) 461-3737
   Fax: (310) 461-3736
4  Email: alina@landverlaw.com

5  **KEENER AND ASSOCIATES, P.C.**
     Kevin Keener (*pro hac vice pending*)
6  161 North Clark Street, Suite 1600
   Chicago IL 60601
7  Tel: (312) 523-2164
   Email: kevin.keener@keenerlegal.com
8
   Attorneys for Plaintiff
9  NG IMPORTS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NG IMPORTS, a California Corporation, | CASE NO. 2:20-cv-09776-MCS-JEM |
| Plaintiff, | Judge: Hon. Mark C. Scarsi |
| vs. | Magistrate Judge: Hon. John E. McDermott |
| ZHENGZHOU KERUI ELECTRONIC COMMERCE COMPANY, LTD. a China Corporation, | **MOTION FOR ALTERNATIVE SERVICE** |
| Defendant. | |

Plaintiff, NG Imports, hereby files this motion to effect service of process on Defendant by alternative means. Specifically, Plaintiff seeks permission from the Court to provide electronic process of service on the Defendant by emailing the necessary documents to identified email addresses. For the reasons set forth herein Plaintiff requests this Court to issue an order granting permission to serve Defendants by alternative means.

## I.     Legal Standard

Rule 4(f) governing service of a summons on an individual in a foreign country, provides:

Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention…;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:…or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)

The Ninth Circuit has found that Rule 4(f) provides three independent and equally permissible grounds for serving foreign defendants. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "Rule 4(f)(3) is merely one means among several which enables service of process on an international defendant." *Id*. Rule 4(f) should not be read to create a hierarchy where Rule 4(f)(3) is seen as either as last resort or extraordinary relief. *Id*. at 1015. Service under Rule 4(f)(3) must be: "(1) directed by the Court and (2) not prohibited by international agreement such as the Hague Convention." *Cheetah Mobile, Inc. v. APUS Grp.*, No.

15-CV-02363-HSG, 2016 WL 4036098, at *3 (N.D. Cal. July 28, 2016) (*citing Rio Props.*, 284 F.3d at 1014). In addition, the method of service authorized by the Court must "comport with constitutional notions of due process." *Rio Props.*, 284 F.3d at 1016. Whether to authorize service under Rule 4(f)(3) is left to the "sound discretion" of the trial court, when it determines that the "particularities and necessities of a given case" require alternative service. *Id*.

Defendant is a corporation located in China. The United States and the People's Republic of China are both signatories to The Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Convention"). United States District Courts have routinely permitted alternative service of process notwithstanding the applicability of The Hague Convention. *See e.g.*, *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention."); *see also In re LDK Solar Secs. Litig.*, 2008 WL 2415186, *2 (N.D. Cal. Jun. 12, 2008) (authorizing alternative means of service on Chinese defendants without first attempting "potentially fruitless" service through the Hague Convention's Chinese Central Authority); *Nanya Tech. Corp. v. Fujitsu Ltd.*, No. 1:06-cv-00025, 2007 WL 269087, *6 (D. Guam Jan. 26, 2007) (Hague Convention, to which Japan is a signatory, did not prohibit e-mail service upon Japanese defendant); *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (recognizing that, while "communication via e-mail and over

the internet is comparatively new, such communication has been zealously embraced within the business community").

In addition, the law of the People's Republic of China does not appear to prohibit electronic service of process.  As such, Plaintiff respectfully requests this Court's permission to serve Defendants via email or electronic publication.

**II.     Application**

Plaintiff has identified two specific email addresses listed in public government records that are connected with Defendant. Specifically, Defendant has filed two trademark applications with the United States Patent and Trademark Office. One application is signed by Zhang Yanrui as President and lists an email address for correspondence as huanyee@huanyee.com. See Exhibit 1. A second application is signed by Yanrui, Zhang as Chief Executive Officer and lists an email address for correspondence as TM@sellergrowth.com.

Defendant has specifically listed these two email addresses as correspondence with an agency of the U.S. federal government. The USPTO regularly emails office actions for trademark applications to applicants at addresses listed by an applicant when filing. It can be reasoned that sending the required documents to these two email addresses is reasonably calculated to give the Defendant notice of this proceeding. The Defendant has already given these email addresses to an agency of the federal government and consented to receive formal government communications from the USPTO at these addresses. Therefore, sending service of

process by electronic means to these two addresses comports with due process requirements. For these reasons Plaintiff respectfully requests the Court grant Plaintiff's motion for alternative service.

### III. Conclusion

For the reasons set forth herein, Plaintiff requests the Court to grant Plaintiff the right to serve Defendant by emailing the First Amended Complaint with exhibits and the summons to huanyee@huanyee.com and TM@sellergrowth.com.

Dated: February 4, 2020                                    Respectfully submitted,

                                                By:    /s/Kevin Keener
                                                       Kevin Keener (IL Bar No. 6296898)
                                                       *Pro Hac Vice*
                                                       161 North Clark Street, Suite 1600
                                                       Chicago, Illinois 60601
                                                       Tel: (312) 523-2164
                                                       Email: kevin.keener@keenerlegal.com

                                                       *Attorney for Plaintiff*