UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:20-cv-09776-MCS-JEM | Date February 24, 2021 |
| Title *NG Imports v. Zhengzhou Kerui Elec. Com. Co., Ltd.* | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING MOTION FOR ALTERNATIVE SERVICE (ECF NO. 26)

Plaintiff NG Imports moves for an order authorizing service of process by email on Defendant Zhengzhou Kerui Electronic Commerce Company, Ltd. (Mot., ECF No. 26.) The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. The Court takes off calendar the hearing on the motion set for March 8, 2021.

I.   BACKGROUND

This case concerns a patent dispute. (*See generally* FAC, ECF No. 28.) Defendant is a Chinese corporation with its principal place of business in China. (*Id.* ¶ 3.) Plaintiff seeks an order authorizing service by email to huanyee@huanyee.com and TM@sellergrowth.com, email addresses provided to the United States Patent and Trademark Office ("USPTO") in Defendant's 2017 and 2019 trademark applications. (Keener Decl. ¶¶ 5–8 & Exs. 1–2, ECF Nos. 26-1 to -3.)

## II. LEGAL STANDARD

A business entity outside any judicial district of the United States may be served in any manner (except personal delivery) outlined in Federal Rule of Civil Procedure 4(f), which pertains to service of foreign individuals. Fed. R. Civ. P. 4(h)(2). Service of foreign individuals may be done "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" ("Hague Convention"). Fed. R. Civ. P. 4(f)(1).

Alternatively, a court may order service on an overseas defendant to be done "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Courts have discretion to order alternative service when "the particularities and necessities of a given case require alternative service of process." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). This rule "is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Id.* at 1015 (citation and internal quotation marks omitted). The authorized method must not be prohibited by international agreement and must comport with constitutional notions of due process. *Id.* at 1014, 1016–17.

## III. DISCUSSION

Service by email is not prohibited by international agreement. China is a signatory to the Hague Convention. Hague Conference on Private International Law, *Status Table*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17. China opposes service of documents by postal channels under the Hague Convention. Hague Conference on Private International Law, *Declaration/Reservation/Notification*, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn. Many courts have concluded that China's opposition to service by postal channels under the Hague Convention does not preclude authorizing service by email under Rule 4(f)(3). *E.g.*, *Victaulic Co. v. Allied Rubber & Gasket Co., Inc.*, No. 3:17-cv-01006-BEN-JLB, 2020 U.S. Dist. LEXIS 82150, at *7–8 (S.D. Cal. May 8, 2020) (collecting cases); *Likas v. ChinaCache Int'l Holdings, Ltd.*, No. CV 19-6942 FMO (SSx), 2020 U.S. Dist. LEXIS 90923, at *6–7 (C.D. Cal. Jan. 29, 2020) (same).

However, Plaintiff has not established that service by email would comport with due process. In its 2017 and 2019 trademark applications, Defendant authorized

the USPTO to send correspondence to Defendant's principal using two email addresses. (Keener Decl. Exs. 1–2.) Service to an email address identified as preferred contact information in a USPTO record may comport with due process, but courts in this circuit authorizing such service have required plaintiffs to test the email to confirm deliverability. *E.g.*, *TV Ears, Inc. v. Joyshiya Dev. Ltd.*, No. 3:20-cv-01708-WQH-BGS, 2021 U.S. Dist. LEXIS 10071, at *9–11 (S.D. Cal. Jan. 19, 2021) (concluding due process was satisfied where plaintiff sent a test email to address on file with the USPTO); *Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Grp.*, No. SA CV 15-0246-DOC (DFMx), 2016 U.S. Dist. LEXIS 43128, at *8–9 (C.D. Cal. Mar. 25, 2016) (same); *see also Goes Int'l, AB v. Dodur Ltd.*, No. 14-CV-5666 LB, 2015 U.S. Dist. LEXIS 50394, at *7–8 (N.D. Cal. Apr. 16, 2015) (observing that sending test emails "provides at least some minimal assurance that the email address is legitimate"). Nothing in the record indicates that Plaintiff has communicated with Defendant or its representatives by email to these addresses. Instead, previous filings indicate Plaintiff emailed Defendant through its counsel. (*See* Keener Decl. Ex. 3, ECF No. 24-2.) Accordingly, Plaintiff has not shown that emailing huanyee@huanyee.com and TM@sellergrowth.com would be reasonably calculated to provide actual notice of the action. *Rio Props.*, 284 F.3d at 1016–17.

Further, Plaintiff has not adduced any facts or argument demonstrating that the particularities and necessities of this case require alternative service of process. *Id.* at 1016; *see also Lewis v. Sandor*, No. CV 18-8615 PSG (JEMx), 2019 U.S. Dist. LEXIS 213098, at *3 (C.D. Cal. Feb. 15, 2019) ("[A] plaintiff requesting an order pursuant to Rule 4(f)(3) need not prove that other methods of service have been impossible or unduly burdensome, though courts have typically granted Rule 4(f)(3) motions when the plaintiff has shown some measure of difficulty in effecting service by usual means.").

## IV. CONCLUSION

The motion is denied without prejudice to renewal upon curing the defects identified in this Order.

**IT IS SO ORDERED.**